UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DANIEL WILLIAMSON, MELODY WILLIAMSON, HANNAH WILLIAMSON, GORDON WILLIAMSON, BARBARA WILLIAMSON, and DANE WILLIAMSON,** Plaintiffs, | : : : : : : : | CIVIL ACTION NO. 3:13-CV-00578 (VLB) |
| v. | : : | |
| **PSYCHIATRIC SECURITY REVIEW BOARD,** Defendant. | : : | March 31, 2014 |

**MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [Dkt. 20]**

I. Introduction

Plaintiffs Daniel, Melody, Hannah, Gordon, Barbara, and Dane Williamson bring this action against the Defendant State of Connecticut Psychiatric Security Review Board ("PSRB" or "Board"), for alleged violations of their Fifth and Fourteenth Amendment rights to Procedural Due Process and Equal Protection. Currently before the Court are Plaintiffs' Motions for Declaratory Judgment and Preliminary Injunction and Defendant's Motion to Dismiss. For the reasons that follow, Plaintiffs' Motions are DENIED and Defendant's Motion to dismiss on the basis of the State's Eleventh Amendment immunity from suit is GRANTED. The Court declines to grant the Plaintiffs leave to amend the complaint due to futility, as will be articulated in a separate forthcoming memorandum of decision.

II. Factual Background

1

On January 2, 1998, David Messenger killed his pregnant wife, Heather Williamson Messenger, in their Chaplin, Connecticut home in front of the couple's then five-year-old son, Dane.  [Dkt. 21, Am. Compl. ¶1].  On November 21, 2001, David Messenger was adjudicated not guilty by reason of mental defect or disease and remanded to the State of Connecticut for treatment.  [*Id*. at ¶8].

The Plaintiffs, all family members of Heather Messenger Williamson, have brought this action for alleged violations of their due process rights during various Psychiatric Security Review Board hearings for the consideration of David Messenger's conditional release.  The Plaintiffs also allege that the state statutes and regulations governing the PSRB and its hearings are facially unconstitutional.

### III.     Standard of Review

"Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other."  *Hagans v. Lavine*, 415 U.S. 528, 538 (1974).  Jurisdiction must be established as a "threshold matter," a requirement that "spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal quotation marks and citation omitted).  Unlike state courts, which are courts of general jurisdiction, federal courts are courts of limited jurisdiction possessing only that power authorized by the Constitution and by statute.  *Mims v. Arrow Fin. Servs, LLC*, 132 S. Ct. 740, 747 (2012); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994);

U.S. CONST. art. III, § 2.  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citations omitted).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *John Brady v. Int'l Bhd. of Teamsters, Theatrical Drivers & Helpers Local 817*, 741 F.3d 387, 389 (2d Cir. 2014) (quoting *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)).

Further, lack of subject matter jurisdiction may be raised at any time by a party or by the court sua sponte.  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented.  Subject-matter jurisdiction can never be waived or forfeited.") (internal citations omitted); *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) ("Courts do not usually raise claims or arguments on their own.  But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) the Court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits."  *State Emps. Bargaining*

3

*Agent Coal. v. Rowland*, 494 F.3d 71, 77 n. 4 (2d Cir. 2007). *See also Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings"); *Makarova*, 201 F.3d at 113 (holding same).

IV. <u>Analysis</u>

    a. <u>Eleventh Amendment Sovereign Immunity</u>

The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. Amend. XI. The Supreme Court has explained that courts understand the Eleventh Amendment to stand for a two-part supposition: "first, that each State is a sovereign entity in our federal system; and second, that '[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.' " *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (citation omitted). The Court has further recognized that this Amendment's "significance lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

> **That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of**

4

> this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given: not one brought by citizens of another State, or by citizens or subjects of a foreign State, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification.

*Id.* at 98-99 (quoting *Ex parte State of New York No. 1*, 256 U.S. 490, 497 (1921)). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). The Eleventh Amendment thus dictates that unconsenting states are generally immune from suit in federal court.  *Seminole Tribe of Florida*, 517 U.S. at 54 ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.' "); *Pennhurst*, 465 U.S. at 100 ("[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The Supreme Court has articulated an exception to the general rule of Eleventh Amendment sovereign immunity: "a suit challenging the constitutionality of a state official's action is not one against the State" and thus may be heard by a federal court if only seeking prospective injunctive relief. *Pennhurst*, 465 U.S. at 102.  In *Ex parte Young*, 209 U.S. 123 (1908), one of the first cases in which the Court recognized this limited exception, a federal court enjoined the Attorney General of the State of Minnesota from bringing suit to enforce a state statute that allegedly violated the Fourteenth Amendment.  The

5

theory supporting *Ex parte Young* was that "an unconstitutional enactment is 'void' and therefore does not impart to [the officer] any immunity from responsibility to the supreme authority of the United States." *Pennhurst*, 465 U.S. at 102 (citing *Ex parte Young*, 209 U.S. at 160). Thus, because the state could not authorize the action, the officer was "stripped of his official or representative character and [was] subjected to the consequences of his official conduct."[1] *Id*.

The *Ex parte Young* exception, however, is not expansive. *Pennhurst*, 465 U.S. at 102. "[W]hen a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief." *Id*. at 102-03. Further, this exception to sovereign immunity "does not apply when the state is the real, substantial party in interest, as when the judgment sought would expend itself on the public treasury or domain, or interfere with public administration." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) (internal quotation marks and citations omitted). *See also Pennhurst*, 465 U.S. at 101-02 ("as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.").

Here, the Plaintiffs admit that the "Defendant, State of Connecticut Psychiatric Security Review Board [ ], is a State Agency empowered by

---

[1] The Court has on several occasions noted that "[t]his rationale, of course, created the 'well-recognized irony' that an official's unconstitutional conduct constitutes state action under the Fourteenth Amendment but not the Eleventh Amendment." *Pennhurst*, 465 U.S. at 104-05 (citing *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 685 (1982) (opinion of STEVENS, J.)).

6

Connecticut General Statutes [ ] §§ 17a-580 – 17a-603." [Dkt. 21, Am. Compl. ¶ 6]. The parties do not dispute that the State of Connecticut has not consented to suit.  The Defendant contends that the Plaintiffs have failed to overcome the State's Eleventh Amendment sovereign immunity.  Plaintiffs counter that their suit is proper under the *Ex parte Young* exception to immunity because they have clearly alleged ongoing violations of federal law and seek only prospective injunctive relief.

The Plaintiffs, however, have not sued a state official such that the *Ex parte Young* exception would make their suit proper in this Court.  Instead, they have sued only a state agency and, as such, the State of Connecticut maintains its sovereign immunity to the Plaintiffs' suit in federal court.  It is true that courts have recognized that the *Ex parte Young* exception has created somewhat of a legal "fiction" between a State and its officials in that it "permits a federal court to treat unconstitutional official acts of a State officer as being separate from the State so that a suit to enjoin the officer from committing such acts would not be barred by the State's sovereign immunity."  *Connecticut v. Cahill*, 217 F.3d 93, 110 (2d Cir. 2000).  *See also Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("The *Ex parte Young* doctrine rests on the premise—less delicately called a 'fiction,'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.").  As the Supreme Court has held, though, this legal fiction is "necessary to permit the federal courts to vindicate federal rights

and hold state officials responsible to the supreme authority of the United States." *Pennhurst*, 465 U.S. at 105.

This suit must thus be dismissed for lack of subject matter jurisdiction as the Plaintiffs have not abided by this distinction by naming a State official as the Defendant in this action, nor have they cited to any case holding that, where a plaintiff sues a state agency rather than a state official, sovereign immunity does *not* apply.  *See, e.g., Seminole Tribe of Florida*, 517 U.S. at 73 ("we often have found federal jurisdiction over a suit *against a state official* when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law.' ") (emphasis added); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 287 (2d Cir. 2003) ("The Eleventh Amendment … does not preclude suits *against state officers in their official capacity* for prospective injunctive relief to prevent a continuing violation of federal law.") (emphasis added); *Cahill*, 217 F.3d at 110 ("The ability to sue a State *official for carrying out his or her official duties* is limited to a narrow exception created by the Supreme Court in *Ex Parte Young* to avoid the general rule that such a suit is deemed a suit against the State that is barred by the State's sovereign immunity") (emphasis added); *Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir. 1997) ("If an act by a state violates the federal Constitution or federal law, however, then the enforcing state actor loses official immunity . . . . A challenge under the federal Constitution to a *state official*'s action in enforcing state law is not viewed as an action against the state and is not defeated by Eleventh Amendment immunity.") (emphasis added).

## V.     Futility of Amendment

The Plaintiffs' mistake as to Eleventh Amendment immunity is that they have named a state agency rather than a state official as the only defendant. Normally, this defect would be easily remedied by amendment of the complaint pursuant to Federal Rule of Civil Procedure 15 to name the proper defendant. Rule 15 provides that a party may amend a pleading at this juncture in the litigation "only with the opposing party's written consent or with the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A court should deny leave to amend only upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (same). "Granting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009). A proposed amendment is also futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *Dougherty*, 282 F.3d at 88. *See also Basile v. Connolly*, 538 F. App'x 5, 8 (2d Cir. Sept. 3, 2013) ("while a district court generally should

not dismiss a pro se complaint without granting the plaintiff leave to amend, such leave is not necessary when it would be futile.").

Amendment of the complaint in this action would be futile because the Plaintiffs' allegations of procedural due process and equal protection in contravention of the Fifth and Fourteenth Amendments to the Constitution would not survive a motion to dismiss pursuant to Rule 12(b)(6), nor can the Plaintiffs cure the deficiencies in these claims, as will be articulated in detail in a forthcoming memorandum of decision by this Court.  Thus, amendment to name the proper defendant is DENIED.

## VI.  Conclusion

For the foregoing reasons, Defendant PSRB's [Dkt. 20] Motion to Dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to the State's Eleventh Amendment sovereign immunity is GRANTED.  Because it would be futile for the Plaintiffs to amend their Complaint – as will be articulated in a forthcoming memorandum of decision of this Court – this Court declines to grant the Plaintiffs leave to amend.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 31, 2014